UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-201** |
| v. | * | SECTION: "M" |
| **CUONG QUOC TRAN** | * | |
| | * | |

\* \* \*

**UNOPPOSED MOTION AND INCORPORATED
MEMORANDUM TO CONTINUE TRIAL AND PRETRIAL CONFERENCE**

NOW INTO COURT, comes the United States of America, appearing herein through the undersigned Assistant United States Attorney, who respectfully submits the following in support of its motion.

I.

The trial in the above captioned matter is scheduled for February 10, 2025 at 9:00 a.m. The pretrial conference in the above captioned matter is scheduled for January 22, 2025 at 9:30 a.m.

II.

On August 29, 2024, an Indictment was returned against Cuong Quoc Tran for possession of a machinegun, in violation of Title 18 United States Code, Section 922(o) and 924(a)(2).

III.

Defense counsel and the Government are in agreement that the trial and pretrial should be continued for the reason(s) noted below:

IV.

A rearraignment date has been set with the court for March 27, 2025.

V.

Subsection (c)(1) of Title 18, United States Code, Section 3161 (the Speedy Trial Act) provides that a trial shall begin within seventy (70) days of the date a defendant has first appeared before a judicial officer in the district in which such charge is pending.  The Speedy Trial Act also provides that any period of delay resulting from a continuance granted by a judge: (1) on his own motion; (2) at the request of a defendant or his counsel; or (3) at the request of the attorney for the government shall be excluded in computing the time within which the trial of any such offense must begin if the judge granted such continuance on the basis of findings that the ends of justice served by taking such action outweigh the best interest of the public and a defendant in a speedy trial.  Title 18, United States Code, Section 3161(h)(7)(B)(i) sets out a list of factors which the court shall consider in determining whether to grant the continuance based on the ends of justice. One factor is whether the failure to grant a request for continuance would result in a miscarriage of justice.  Here, forcing the defendant to trial on February 10, 2025 would deny the defendant: 1) the reasonable time to discuss a plea; 2) sentencing benefits derived from entering a guilty plea; and 3) a reasonable period to review the evidence to prepare for trial.

VI.

Counsel for the government has advised counsel for the defendant, Jerome G. Smith, III, Esq. in this matter of the government's intention to file the motion to continue and he does not oppose this motion.

VII.

The best interest of justice would be served by the continuance of this trial. The interests so served would outweigh the interests of the defendant and the public in a speedy trial. Title 18, United States Code, Section 3161(h)(7)(A).

**WHEREFORE,** the United States of America, respectfully requests that the pre-trial conference and trial in the above captioned matter be continued.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Carter K.D. Guice, Jr.*
CARTER K.D. GUICE, JR.
Assistant United States Attorney
LA Bar Roll Number 16771
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3072
Carter.guice@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

*/s/ Carter K.D. Guice, Jr.*
CARTER K.D. GUICE, JR.
Assistant United States Attorney